IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| SHERYL NIMMO,<br><br>      **Plaintiff,**<br><br>v.<br><br>**COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION,**<br><br>      **Defendant.** | **MEMORANDUM DECISION AND ORDER**<br><br>Civil Case No. 2:24-CV-927-DAK<br><br>**Judge Dale A. Kimball** |

   This matter is before the court on Plaintiff's Motion for Award of Attorney Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) [ECF No. 23]. The Commissioner filed a memorandum opposing Plaintiff's requests for fees, and Plaintiff has submitted a reply memorandum. The court concludes that oral argument would not materially aid the court's determination of the issue before it. Therefore, the court enters the following Memorandum Decision and Order on Plaintiff's motion based on the parties' written submissions and the law and facts relevant to the motion.

   Plaintiff is seeking attorney fees pursuant to the Equal Access to Justice Act ("EAJA"). 28 U.S.C. § 2412(d)(1)(A). Under the EAJA, "a court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." *Id.* The Commissioner does not dispute that Plaintiff is entitled to an award of attorney fees. The Commissioner disputes only the amount of attorney fees that this court should award. In reply, Plaintiff agreed to voluntarily reduce her request to $8,174.00.

The parties' main disputes focus on whether the paralegal's tasks were non-compensable administrative clerical work and whether the attorney hours accurately reflect the amount of work that went into Plaintiff's opening brief. The court will address each dispute in turn.

Clerical tasks "should not be billed at a paralegal rate, regardless of who performs them." *Missouri v.* Jenkins, 491 U.S. 274, 288 n.10 (1989). Recognizing this standard, Plaintiff made concessions as to several paralegal tasks initially requested. Of the remaining disputed tasks, the court finds that only the TOP debt investigation and downloading the administrative record were non-compensable clerical tasks. The tasks do not require legal training and could or should have been performed by other staff. Therefore, the court reduces Plaintiff's requested paralegal hours by one hour at a rate of $120.00 per hour.

With respect to the requested attorney hours, the Commissioner points out that Plaintiff's brief was substantially similar to opening briefs Plaintiff's counsel has previously submitted in other Social Security cases. However, the court recognizes that Plaintiff's counsel still needed to review the administrative record, analyze which prior cases were similar to the present case, and tailor prior briefs to this case. Plaintiff agreed to reduce some entries because portions of the entries included work that was reused, such as preparing the statutory framework section. The court believes that some additional reduction could be made in this regard with respect to the 15.9 hours expended on March 14, 2025, and April 22, 2025, for preparation of the opening brief. However, the court is mindful that this work produced a favorable result and was in a case with a voluminous record. Therefore, the court reduces those entries by only three hours from the March 14, 2025 entry, which at an hourly rate of $257.50, totals a $772.50 reduction. With Plaintiff's voluntary concessions and the court's reductions, the court awards Plaintiff $7,281.50.

Accordingly, Plaintiff's Motion for Award of Attorney Fees under the EAJA [ECF No. 23] is GRANTED in the total amount of $7,281.50.

DATED this 8th day of October 2025.

BY THE COURT:

Dale A. Kimball,
United States District Judge